IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.   No. 20-cr-02222-JCH

LOUIS RICHARD MONTOYA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    This matter comes before the Court on Defendant Louis Richard Montoya's *Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)* (ECF No. 33). The United States supports this motion. *See* United States' Resp. in Support of Def.'s Mot. (ECF No. 36). The Court will grant it and reduce Mr. Montoya's term of imprisonment to time served.

**I.**     **Background**

    Mr. Montoya was arrested on—and has been incarcerated since—September 19, 2020. On December 23, 2020, Mr. Montoya pled guilty to possessing with intent to distribute 500 grams or more of a mixture or substance containing cocaine as well as aiding and abetting. *See* Plea Agreement 2, 4 (ECF No. 14); *see also* 21 U.S.C. § 841(a)(1), (b)(1)(B); 18 U.S.C. § 2. On June 10, 2021, the Court sentenced Mr. Montoya to seventy months of imprisonment and four years of supervised release. *See* J. in a Criminal Case 1, 2 (ECF No. 24). Mr. Montoya has served around thirty-three months of this sentence. *See* ECF No. 33, at 6.

    The Bureau of Prisons ("BOP") recently calculated a release date of February 6, 2025, or approximately August 7, 2024, when including six months in a halfway house. *See id.*; Def.'s Ex. D, at 1, 4 (ECF No. 33-4). This projection accounts for 255 days of First Step Act Earned Time

1

Credits. ECF No. 33, at 6; ECF No. 33-4, at 1. And if Mr. Montoya remains incarcerated through Fall 2023, additional time credit could further advance his projected release to a halfway house to April 2024. *See* ECF No. 33, at 6; ECF No. 36, at 6.

On June 6, 2023, Mr. Montoya moved for compassionate release under 18 U.S.C. §3582(c)(1)(A). In short, Mr. Montoya needs a prosthetic foot. He has diligently—but unsuccessfully—sought access to an effective prosthetic while in custody. The lack of an effective prosthetic has led to severe pain, restrictions in mobility, and health complications. Mr. Montoya's brief convincingly details his struggles in explaining why his circumstances warrant early release. *See generally* ECF No. 33.

The United States supports Mr. Montoya's motion for compassionate release. *See* ECF No. 36, at 1, 6-7 ("The United States is persuaded that if Defendant is not released, his current medical health related to his prosthetic will continue [to] deteriorate to the point where Defendant will not be able to effectively function or manage his pain.").

## II.     Exhaustion of Administrative Remedies

A defendant may move to modify a term of imprisonment with a district court only after "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf *or* the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A) (emphasis added). The burden to prove exhaustion belongs to the defendant. *See United States v. Hemmelgarn*, 15 F.4th 1027, 1029 (10th Cir. 2021).

Mr. Montoya petitioned for compassionate release with the warden of FCI Safford on March 27, 2023. *See* Def.'s Ex. E, at 1 (ECF No. 33-5). Thirty days have passed, and the United States notes that it "has not received documentation from BOP indicating that a response has been

provided to Defendant." ECF No. 36, at 4. As a result, Mr. Montoya has satisfied the exhaustion requirement. *See id.* ("[T]he United States concedes that Defendant has exhausted his administrative remedies as 30 days have passed since his request and there is no evidence of a response from the warden."). The Court thus proceeds to the merits.

### III. Consideration of Merits

*United States v. McGee* details a three-step test for analyzing whether to grant compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). *See* 992 F.3d 1035, 1042-43 (10th Cir. 2021). A court may grant a defendant's motion only if the court finds that: (1) extraordinary and compelling reasons warrant a sentence reduction; (2) the sentence reduction reflects applicable policy statements issued by the Sentencing Commission; and (3) the reduction fits the district court's consideration of the 18 U.S.C. § 3553(a) factors. *Id.*

#### A. Extraordinary and Compelling Reasons

The Court adopts the United States' analysis that extraordinary and compelling reasons warrant a sentence reduction. *See* ECF No. 36, at 5 ("Defendant's lack of access to a proper fitting orthotic while incarcerated, represents an extraordinary and compelling reason to grant Defendant early release.").

#### B. Sentencing Commission's Policy Statements

The Sentencing Commission's current policy statements predate the First Step Act, which now allows an incarcerated person to move to reduce his or her sentence. *See United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021); 18 U.S.C. § 3582(c)(1). As a result, "the Sentencing Commission's existing policy statement is applicable only to motions filed by the Director of the BOP, and not to motions filed directly by defendants." *United States v. Maumau*, 993 F.3d 821,

836-37 (10th Cir. 2021). District courts are thus not bound by the Commission's current policy statements on defendant-filed motions. *See id.* at 836-37.

Still, the United States suggests that a sentence reduction reflects the current policy statements. *See also United States v. Carr*, 851 F. App'x 848, 853 (10th Cir. 2021) (noting that district courts may still consider current policy statements for non-binding guidance). As the United States highlights, the policy statements' application notes provide that if a defendant is not a danger to the community, then extraordinary and compelling reasons exist when a defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13 App. Note 1(A) (2018); ECF No. 36, at 7 (describing application note and policy statements).

The United States agrees that Mr. Montoya is not a danger to the community. *See* ECF No. 36, at 4 (concluding that Mr. Montoya's limited mobility and good behavior in prison demonstrate that he is not a danger to the community); *see also* ECF No. 33, at 2 (noting that Mr. Montoya had no prior convictions). So too, the United States agrees that extraordinary and compelling reasons warrant a sentence reduction. *See* ECF No. 36, at 4-5. The Court adopts the United States' analysis.

      C.      **18 U.S.C. § 3553(a) Factors**

The Court adopts the United States' analysis that a sentence reduction follows the 18 U.S.C. § 3553(a) factors. *See* ECF No. 36, at 6-7 (describing that although Mr. Montoya's conduct was serious, he has served sufficient time to reflect the severity of the offense, promote respect for the law, and provide just punishment; asserting that most effective way for Mr. Montoya to receive necessary medical care is release from custody).

IV.     Conclusion

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Louis Richard Montoya's *Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)* (**ECF No. 33**) is **GRANTED**.

- Exercising its authority under 18 U.S.C. § 3582(c)(1)(A)(i), the Court will reduce his term of imprisonment to **TIME SERVED**.
- The United States shall **SERVE** a copy of this order and the amended judgment on the Warden at FCI Safford **IMMEDIATELY**.
- Mr. Montoya must still comply with the conditions of supervised release that appear in the original judgment (**ECF No. 24**), which will be reflected in the contemporaneously filed amended judgment.

_____
SENIOR UNITED STATES DISTRICT JUDGE